JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GRESS,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>BRIAN BERGIN; DOES 1-5,<br><br>　　　　　　Defendants. | Case No. 2:22-cv-07994-SPG-AS<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [ECF No. 9]** |

　　　Before the Court is David Gress' ("Plaintiff") motion to remand pursuant to Federal Rule of Civil Procedure 12(b)(1). (ECF No. 19 ("Mot.")). Having considered the parties' submissions, the relevant law, and the record in this case, the Court finds pursuant to Federal Rule of Civil Procedure 78(b) and Central District of California Local Rule 7-15 that the matter is suitable for resolution without oral argument. The Motion has been taken under submission and, for reasons stated below, the Court GRANTS the Motion.

I.　　BACKGROUND

　　A.　　Factual Background

　　On or about April 21, 1999, Brian Bergin ("Defendant") entered into a Residential Month to Month Tenancy ("the Lease") with Plaintiff for the real property located at 41

Second Street, Apartment 8, Buellton, CA 93427 ("the Property").  (ECF No. 9d-2 ¶ 10). On or about April 1, 2022, Defendant failed to pay rent.  (*Id.* ¶ 11).  On or about June 23, 2022, Plaintiff served Defendant with a three-day notice to pay rent or quit (the "Notice"). (*Id.*).  Defendant did not quit or pay rent within the 3-day period.  (*Id.* ¶ 12).

On or about August 17, 2022, Plaintiff filed a complaint in the Superior Court for Santa Barbara County.  (*Id.* ¶ 13); (ECF No. 1 ("Compl.")).  On or about August 26, 2022, Defendant filed a demurrer with the Superior Court, alleging that the Notice was deficient under various California statues and codes.  (ECF No. 9-2 ¶ 14); (Compl. at 11).  On or about September 30, 2022, the Superior Court heard the matter and Defendant's demurrer. (ECF No. 9-2 ¶ 14).  Thereafter, on November 2, 2022, Defendant removed the case to this Court.  (Compl.).  The notice of removal states that removal is based on federal question jurisdiction.  *See* (*id.* at 2).  In particular, Defendant asserts that "[f]ederal question exists because Defendant's Demurrer, a pleading[,] depend[s] on the determination of Defendant's rights and Plaintiff's duties under federal law." (*Id.*).  However, Defendant only attached the Notice of Demurrer to his Notice of Removal, and the Notice of Removal does not cite or discuss federal law.  *See* (*id.* at 11).

**B. Procedural History**

On December 1, 2022, Plaintiff filed the instant Motion.  (Mot.).  Plaintiff argues that remand is appropriate because neither the complaint nor the demurrer raises a federal question.  *See* (Mot.).  Plaintiff also requests an award of attorney fees and costs incurred as a result of this Motion.  (*Id.* at 10).  Defendant has not filed an opposition to the Motion.

**II. LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).  It is the plaintiff's burden to establish subject matter jurisdiction.  *See Ass'n of Am. Med. Colls. v. U.S.*, 217 F.3d 770, 778-79 (9th Cir. 2000); *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376-78 (1994).  Federal district courts generally have subject matter jurisdiction over civil cases through diversity jurisdiction, 28 U.S.C. § 1332, or federal question jurisdiction, 28 U.S.C.

§ 1331. *See Peralta v. Hispanic Bus., Inc.*, 419 F.3d 1064, 1068 (9th Cir. 2005). A federal court has federal question jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see also Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 807 (1986). A federal court has diversity jurisdiction if: (1) the controversy is between "citizens of different States"; and (2) the amount in "controversy exceeds the sum or value of $75,000, exclusive of interest and costs . . . ." 28 U.S.C. § 1332; *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978).

A defendant mounting a Rule 12(b)(1) challenge to the court's jurisdiction may do so either on the face of the pleadings or by presenting extrinsic evidence for the court's consideration. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) ("A Rule 12(b)(1) jurisdictional attack may be facial or factual."); *see also White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual."). In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of allegations that, by themselves, would otherwise invoke federal jurisdiction. *See CarMax Auto Superstores California LLC v. Hernandez*, 94 F. Supp. 3d 1078, 1089 (C.D. Cal. 2015) (noting that "a jurisdictional challenge was a factual attack where it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings." (internal quotation marks and citation omitted)).

### III.   DISCUSSION

#### A.   The Court Lacks Subject Matter Jurisdiction

Plaintiff's complaint does not state a cause of action under federal law; rather, as previously discussed, Plaintiff only asserts a cause of action for unlawful detainer under California law. The assertion of a cause of action for unlawful detainer under California law does not raise a federal question for purposes of federal question jurisdiction. *See Wells Fargo Bank, N.A. v. Preciado*, Case No.: 19-cv-00361-AJB-LL, 2019 U.S. Dist.

LEXIS 77262, at *2 (S.D. Cal. May 6, 2019) ("Here, there is no federal question jurisdiction because the unlawful detainer complaint invokes California law." (citations omitted)); *Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint." (citations omitted)); *Sage Home Mortg., LLC v. Roohan*, No.: 17-cv-1409-AJB-JMA, 2017 U.S. Dist. LEXIS 118119, at *4-*5 (S.D. Cal. July 27, 2017) (holding federal jurisdiction does not exist when a complaint alleges a single claim for unlawful detainer which is a California state law cause of action).

Further, Defendant's demurrer cannot serve as the basis for federal question jurisdiction. *See Vade v. Discovery Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . ."); *Oakmont Props.-The Landing LLC v. Cunningham*, No. 2:17-cv-02705-KJM-CKD, 2018 U.S. Dist. LEXIS 8356, at *3 (E.D. Cal. Jan. 17, 2018) (citation omitted); *Beltran v. Altamirano*, No. 2:18-cv-1756-KJM-AC PS, 2018 U.S. Dist. LEXIS 134728, at *3 (E.D. Cal. Aug. 9, 2018) ("[Defendant's] demurrer cannot serve as the basis for federal question jurisdiction." (citing *Vaden*, 556 U.S. at 60)). Therefore, the Court finds that it lacks subject matter jurisdiction over the present matter.

B.   **Award of Attorneys' Fees**

On granting a motion for remand, the federal court may order the defendant to pay plaintiff its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin v. Franklin Capitol Corp.*, 546 U.S. 132, 141 (2005); *see also Gardner v. UICI*, 508 F.3d 559, 561 (9th Cir. 2007).

The Court concludes that there was no objectively reasonable basis for believing that removal was appropriate. Neither federal question nor diversity jurisdiction is indicated on the face of the complaint. Therefore, an award of actual costs and fees is appropriate. *See HSBC Bank USA, N.A. v. Manouchehri*, CASE NO. 17cv149-LAB (BGS), 2017 U.S. Dist. LEXIS 105500, at *2-3 (S.D. Cal. July 7, 2017) (awarding fees for improperly removed unlawful detainer action); *Christiana Trust v. Staab*, EDCV 15-01357 JVS (SPx), 2015 WL 8493925, at *3 (C.D. Cal. Dec. 9, 2015) ("Here, there was no reasonable basis for seeking removal on grounds of federal question jurisdiction: the underlying unlawful detainer complaint raised no question of federal law . . . ."); *New Homes Mortg. Inc. v. Pierro*, Case No. 09-2310-GAF (FMOx), 2009 WL 1456617, at *2 (C.D. Cal. May 22, 2009) (awarding fees for improperly removed unlawful detainer action because "the applicable law has been settled for over a century").

On January 23, 2023, Plaintiff filed a supplement to the Motion, explaining that – as of that date – Plaintiff had incurred $5,025.00 in attorney fees, along with $6.48 in costs. (ECF No. 16 at 2). In the supplement, Plaintiff's counsel explained that it would need to spend "one additional hour to amend the motion and supporting documents, two and a half hours to prepare for and attend the hearing and a final hour to prepare any necessary documents post hearing," totaling four-and-a-half additional billable hours, at $400.000 per hour. (*Id.*). Plaintiff's counsel also explained that it would need to travel 5 hours (256 miles) to attend the hearing on the Motion. (*Id.*). The hours driven would be billed at Plaintiff's counsel's normal rate, and the mileage would be billed at a cost of 0.58 cents per mile. (*Id.*). Thus, Plaintiff requests a total of $8,825.00 in fees and $154.96 in costs.

Because the Court vacated the hearing on the Motion, it reduces all fees and costs associated with the hearing from Plaintiff's counsel's request (totaling $2,000 in fees and $148.48 in costs). Therefore, the Court finds it reasonable to award Plaintiff $6,825.00 in fees and $6.48 in costs.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's Motion. The Court hereby REMANDS this action to the San Bernardino Superior Court. Plaintiff is awarded $6,825.00 in fees and $6.48 in costs.

**IT IS SO ORDERED.**

Dated: January 24, 2023

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE